UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 6 2015

JAMES W. McCORMACK CLERK
By:_____ DEP CLERK

ARTHUR CARSON,
PLAINTIFF,

JEWELLEAN MOORE
PLAINTIFF,

4:15CV193-BSM

V.

JODIE SUMLIN & COLONIAL PARC APT.,
DEFENDANTS,

This case assigned to District Judge __Miller__
and to Magistrate Judge __Kearney__

APPFOLIO INC.,
DEFENDANT.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## WITH JURY DEMAND

PRELIMINARY STATEMENT:

(A). Plaintiff's brings this action under the Fair Credit Reporting Act; Title VII of the Civil Rights Fair Housing Act; & Fair Verifying Act, 15 U.S.C.1681.

(B). Jewellean Moore, and Arthur Carson, are disabled Seniors whom were Discriminatorly denied Housing, contrary to the Rehabilitation Act of 1973, 29 U.S.C.794, Sec.504. Jurisdiction is Conferred on this Court by 28 U.S.C. 1332 ,1343(a)(3,4). The Plaintiff's claims for Declaratory and Injunctive Relief are Authorized by 28 U.S.C. 2201, and 2202 with Respect to All Defendants.

### I. FACTUAL ALLEGATIONS:

On or about March 2, 2015, Jewellean Moore, and Arthur Carson, sought an Apartment Rental at Colonial Parc Apartment, and spoke with Jodie Sumlin, Manager for a second time, and returned two applications with $50 Money Order, ($25 per application). "Moore, and Carson" advised "Sumlin"

(1)

of a prior broken lease in 2010. Sumlin informed Moore and Carson, that this would Not be any problem, that as a result ,She would have to increase the deposit to $450.00.this inducement was the sole reason(s) Moore and Carson applied for Rental with Sumlin.

No Notice of Eligibility Requirements were ever given to Moore and Carson prior to accepting their fees by Sumlin, no selection criteria or grounds in which the rental application could be denied were provided to Moore or Carson beforehand, and was arbitrary, whimsical at best.

Within one hour after accepting the application fees, Sumlin called Carson to inform Him He was denied based on "Two inaccurate felony Convictions of Robbery and Larceny in 2012, 2010." This information was not correct. Sumlin refused to provide copies of this Report or how this false data was compiled. After numerous phone calls to Sumlin, on March 3, 2015, Sumlin emailed Carson an adverse action letter from Appfolio, Inc.(Exhibit-1, attached). The letter based its action on "credit, Rental, and Criminal History". Carson's previous felony conviction was July 1989, for Attempted Murder, twenty six Years prior to this adverse action letter. Sumlin, and Appfolio failed to give Carson any opportunity to refute the false data used to deny Rental. Sumlin, and Appfolio Inc refused to use a Law enforcement Agency for background checks,or Sumlin provide advance notice a certain credit score was needed for rental, while relying on Unauthentic data from the internet, That Appfolio have refused to correct after being notified, while further disseminating background information that are inaccurate over the internet.

Appfolio are in Business of providing Sumlim with comphrensive Consumer Reports on Rental Application. Appfolio, has engaged in a systematic scheme of unfair and deceptive acts. Where Appfolio developed software for Property Management that provides screening services.

## II. JEWELLEAN MOORE

Moore was never given a reason for Her denial, nor was an adverse letter given explaining why Her application fee was taken. Moore had no Felony conviction. Sumlin and Appfolio practices and Policies unfairly Discriminates, the application fee apparatus is used as a Revenue generator at the expense of Poor disabled Seniors. Moore has Diabetes,Learning and Physical Impairments.

from the beginning, Sumlin's application process was vague and ambiguous, intentionally. Sumlin and Appfolio Inc., appears to rely on Carson's denial to justify not returning Moore's application fee paid. There was no fair Procedure on its "Applicant Screening" process, each Defendants have failed to comply with the Fair Credit Reporting Act with its inactions.

## III. DISENFRANCHISEMENT:

The Defendant's additional Reliance on Carson twenty six year old Conviction was unreasonable, not a "Reasonable Time" for considering past Felony Convictions, and have allowed Defendants to abuse and misuse past criminal activity, contrary to Law, 24 CFR 982.553(c)(2). The Practice of using unauthentic data will and have imminently harmed the Plaintiff's, and others, etc., On April 21,2014, KARK News Reported the Justice Department study shows "650,000 Prisoners are Released Yearly." no doubt with similar names as Carson, but whom need Housing.

The Defendants have set Discriminatory barriers for Ex-Offenders that Disenfranchise them from Safe, Fair or Decent Housing, and do not permit a Second Chance as per the Second Chance Act.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF'S PRAY That Declaratory and Injunctive Relief; Compensatory, Punitive Damages of One Million Dollars from Each Defendants To Each Plaintiff; and all Else Relief This Court Deem Equable and Just.

Jewellean Moore, and Arthur Carson, Swear the foregoing statements made herein are true and Correct. Dated this  3RD  day of April, 2015.

Jewellean Moore

*Jewellean Moore*
8215 Spanish Rd
Little Rock, AR 72209
(501-240-2422)

Arthur Carson

*Arthur Carson*
8215 Spanish Rd
Little Rock, AR 72209
(501-240-3437)

(4)

PARTIES:

Plaintiff- Jewellean Moore, 8215 Spanish Rd., Little Rock, AR 72209

Plaintiff- Arthur Carson, 8215 Spanish Rd., Little Rock, AR 72209

Defendant- Colonial Parc Apt. Manager;Jodie Sumlin,5813 Baseline Rd., Little Rock, AR 72209

Defendant- Appfolio Inc.,50 Castilian Dr.,Santa Barbara, CA 93117